UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:13-cr-136-JMH-1 |
| v. | ) | |
| ANTWONE M. SANDERS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\* \*\* \*\* \*\* \*\*

Defendant Antwone M. Sanders, proceeding *pro se*, moves for disposition of a federal detainer because he claims the detainer that is lodged against him violates his due process rights. However, Sanders's term of supervised release has not expired, and his challenge to his federal detainer, while state criminal charges are pending, is premature. Therefore, Sanders's Motion to Remove Detainer [DE 91] will be **DENIED WITHOUT PREJUDICE.**

On December 17, 2014, the Court sentenced Sanders to fifty-one (51) months imprisonment followed by a three-year term of supervised release for the unlawful transport of firearms. [DE 71]. On January 5, 2015, the Court amended its judgment to run Sanders's fifty-one (51) month imprisonment sentence concurrently with his twelve (12) month sentence in a separate case, which resulted from the revocation of supervised release in that separate case. [DE 74]. On or about March 15, 2017, Sanders was released

from federal custody to begin his three-year term of supervised release. [DE 77].

On May 3, 2018, the United States Probation Office ("USPO") filed a Supervised Release Violation Report advising that Sanders admitted to smoking marijuana and tested positive for THC. [DE 83]. Subsequently, on May 21, 2018, the Court held a Final Revocation of Supervised Release Hearing, found Sanders to be in violation of the conditions of his supervised release, and modified his conditions to include both outpatient drug treatment and increased random drug testing. [DE 84]. On April 25, 2019, Sanders allegedly violated his conditions of supervised release when he was arrested by the Lexington Police Department and charged with Trafficking in a Controlled Substance, Felon in Possession of a Firearm, and Trafficking in Synthetic Substances. [DE 93]. At the request of the USPO, the Court issued an arrest warrant for Sanders, and the arrest warrant was lodged as a detainer at the Fayette County Detention Center against Sanders, who is currently incarcerated on his pending state charges stemming from the April 25, 2019 arrest. *Id.*

Sanders's challenge to the detainer is premature. The Interstate Agreement on Detainers Act applies to a detainer based upon a pending indictment, information, or complaint that requires a trial. The detainer in the present case arises out of Sanders's potential supervised release violation. In *Carchman v. Nash*, the

2

United States Supreme Court held that the Interstate Agreement on Detainers Act does not apply to a probation violation detainer. 473 U.S. 716 (1985). Moreover, as the United States correctly asserts, "The law is well-settled that a defendant has no constitutionally protected right to an immediate hearing when a parole or supervised release violation warrant is lodged as a detainer." [DE 93, at 2 (citing *Moody v. Daggett*, 429 U.S. 78 (1976); *Brundage v. Snyder*, 27 F. App'x 572 (6th Cir. 2001); *Bennett v. Bogan*, 66 F.3d 818 (6th Cir. 1995))]. In *Moody*, the United States Supreme Court found the following:

> [W]ithout regard to what process may be due petitioner before his parole may be finally revoked, we hold that he has been deprived of no constitutionally protected rights simply by issuance of a parole violator warrant. The Commission therefore has no constitutional duty to provide petitioner an adversary parole hearing until he is taken into custody as a parole violator *by execution of the warrant*.

*Moody*, 429 U.S. at 89 (emphasis added).

In the present case, Sanders is not entitled to a hearing prior to being taken into federal custody because the detainer has no present or immediate effects upon any of Sanders's protected liberty interests. Ultimately, it is more expedient and efficient to wait for resolution of the pending state criminal charges against Sanders before holding a hearing related to the potential supervised release violations in his federal criminal case. As such, Sanders's due process rights have not been violated because

3

no federal warrant has been executed against Sanders, meaning he is not in federal custody. Sanders's loss of liberty for the supervised release violation will not occur until he is taken into custody under the supervised release warrant. *See United States v. Ivy*, 678 F. App'x 369, 374 (6th Cir. 2017) (quoting *Moody*, 429 U.S. at 87) ("[T]he loss of liberty" for the supervised-release violation did not occur until Ivy was "taken into custody under the warrant . . . .").

Regarding Sanders's assertion that he was granted a bond to assist his attorney with Sanders's state court charges and "was held by the Holder [sic] by the U.S. Probation Office," Sanders has provided no proof that he has either met the conditions of the state court's bond or is being held solely on a federal warrant. The United States contends, "[Sanders] has not met the state court bond conditions by paying the requisite $10,000 cash, reduced to 10% bond, as of the filing of [the United States'] response." [DE 93, at 2-3]. Moreover, Sanders has failed to show the supervised release warrant has been executed. Since Sanders is not currently being held on the supervised release warrant, he is not entitled to a revocation of supervised release hearing. Accordingly, having considered the matter fully, and being otherwise sufficiently advised,

**IT IS ORDERED** that Defendant Antwone M. Sanders's Motion to Remove Detainer [DE 91] is **DENIED WITHOUT PREJUDICE.**

This the 5th day of September, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge